UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LEONARD GRADY CHASE,

        Petitioner,

v.                                    Case No. 3:15-cv-571-J-34PDB

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,
et al.,

        Respondents.

_____

## ORDER

### I. Status

Petitioner Leonard Chase, an inmate of the Florida penal system, initiated this action on April 24, 2015,[1] by filing a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Petition; Doc. 1). In the Petition, Chase challenges a 2008 state court (Putnam County, Florida) judgment of conviction for battery and two counts of lewd or lascivious battery. Chase raises one ground for relief. See Doc. 1 at 5.[2] Respondents have submitted a memorandum in opposition to the Petition. See Response to Petition (Resp.; Doc. 11) with exhibits (Resp. Ex.). Chase submitted a brief in reply on January 25, 2017. See Response to Doc 11 (Reply; Doc. 27). This case is ripe for review.

### II. Procedural History

On July 20, 2006, the State of Florida (State) charged Chase, by way of a second amended Information, with two counts of sexual battery on a person less than twelve

---

[1] See Houston v. Lack, 487 U.S. 266, 276 (1988) (mailbox rule).
[2] For purposes of reference, the Court will cite the page number assigned by the Court's electronic docketing system.

years of age (counts one and two) and two counts of lewd or lascivious battery (counts three and four). Resp. Ex. A at 31-32. The State filed a notice of similar fact evidence on January 24, 2008, in which the State sought to introduce the testimony of a male, J.P., who Chase had sexually abused when J.P. was five years old, and testimony of sexual abuse from the victim in the instant case that was not charged in the Information. Id. at 41-44. Following a hearing, the circuit court concluded the similar fact evidence could be introduced at trial over Chase's objection. Resp. Exs. A at 72-75, B; C at 3-35. Chase proceeded to a jury trial, at the conclusion of which the jury acquitted Chase as to count one, found Chase guilty of battery, a lesser-included offense of count two, and guilty as charged as to counts three and four. Resp. Ex. D. On March 18, 2008, the circuit court adjudicated Chase to be a habitual felony offender as to counts three and four and sentenced him to a term of incarceration of thirty years in prison. Resp. Exs. E at 15-16; F. The circuit court further adjudicated Chase to be a prison releasee reoffender and imposed a fifteen-year minimum mandatory sentence as to count three. Id. As to count two, the circuit court sentenced Chase to time served. Id.

On direct appeal, Chase raised a single issue in his initial brief – that the circuit court erred when it admitted similar fact evidence involving a different victim. Resp. Ex. G at 15-25. The State filed an answer brief. Resp. Ex. H. On August 11, 2009, Florida's Fifth District Court of Appeal (Fifth DCA) per curiam affirmed the judgment and sentences. Resp. Ex. I. Chase filed a motion for rehearing and for a written opinion, Resp. Ex. J, which the Fifth DCA denied. Resp. Ex. K. The court issued its Mandate on September 21, 2009. Resp. Ex. L.

On June 10, 2010, Chase filed a pro se petition for belated appeal with the Fifth DCA in which he raised the following three allegations of ineffective assistance of appellate counsel: (1) failure to supplement the record with the depositions of Shana Marshall and K.M.; (2) failure to raise a fundamental error argument that the similar acts evidence was not sufficiently similar to the charged offenses; and (3) failure to properly certify as an issue of great public importance the circuit court's application of the clear and convincing evidence standard when reviewing the similar acts evidence. Resp. Ex. M. The State filed a response in opposition. Resp. Ex. N. The Fifth DCA denied the petition on February 14, 2011. Resp. Ex. P. Chase filed a motion for rehearing, Resp. Ex. Q, which the Fifth DCA denied on April 26, 2011. Resp. Ex. R.

On October 26, 2010, Chase filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850, in which he raised four grounds of ineffective assistance of trial counsel. Resp. S. On December 28, 2010, Chase amended his Rule 3.850 Motion to include an additional three claims of ineffective assistance of trial counsel. Resp. Ex. U. Following an evidentiary hearing, Resp. Ex. Z, the circuit court denied both motions. Resp. Ex. AA. The Fifth DCA per curiam affirmed the circuit court's order on March 3, 2009, and issued its Mandate on March 27, 2015. Resp. Ex. DD

### III. One-Year Limitations Period

This action is timely filed within the one-year limitations period. <u>See</u> 28 U.S.C. § 2244(d).

### IV. Evidentiary Hearing

In a habeas corpus proceeding, the burden is on the petitioner to establish the need for a federal evidentiary hearing. <u>See</u> <u>Chavez v. Sec'y, Fla. Dep't of Corr.</u>, 647 F.3d

1057, 1060 (11th Cir. 2011). "In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." Schriro v. Landrigan, 550 U.S. 465, 474 (2007); Jones v. Sec'y, Fla. Dep't of Corr., 834 F.3d 1299, 1318-19 (11th Cir. 2016), cert. denied, 137 S. Ct. 2245 (2017). "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." Schriro, 550 U.S. at 474. The pertinent facts of this case are fully developed in the record before the Court. Because the Court can "adequately assess [Chase's] claim[s] without further factual development," Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003), an evidentiary hearing will not be conducted.

## V. Governing Legal Principles

### A. Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) governs a state prisoner's federal petition for habeas corpus. See Ledford v. Warden, Ga. Diagnostic & Classification Prison, 818 F.3d 600, 642 (11th Cir. 2016), cert. denied, 137 S. Ct. 1432 (2017). "'The purpose of AEDPA is to ensure that federal habeas relief functions as a guard against extreme malfunctions in the state criminal justice systems, and not as a means of error correction.'" Id. (quoting Greene v. Fisher, 565 U.S. 34, 38 (2011) (quotation marks omitted)). As such, federal habeas review of final state court decisions is "'greatly circumscribed' and 'highly deferential.'" Id. (quoting Hill v. Humphrey, 662 F.3d 1335, 1343 (11th Cir. 2011) (quotation marks omitted)).

The first task of the federal habeas court is to identify the last state court decision, if any, that adjudicated the claim on the merits. See Marshall v. Sec'y, Fla. Dep't of Corr., 828 F.3d 1277, 1285 (11th Cir. 2016). The state court need not issue a written opinion explaining its rationale in order for the state court's decision to qualify as an adjudication on the merits. See Harrington v. Richter, 562 U.S. 86, 100 (2011). Where the state court's adjudication on the merits is unaccompanied by an explanation, the United States Supreme Court recently stated:

> [T]he federal court should "look through" the unexplained decision to the last related state-court decision that does provide a relevant rationale. It should then presume that the unexplained decision adopted the same reasoning.

Wilson v. Sellers, 138 S. Ct. 1188, 1192 (2018). The presumption may be rebutted by showing that the higher state court's adjudication most likely relied on different grounds than the lower state court's reasoned decision, such as persuasive alternative grounds that were briefed or argued to the higher court or obvious in the record it reviewed. Id. at 1192, 1196.

If the claim was "adjudicated on the merits" in state court, § 2254(d) bars relitigation of the claim unless the state court's decision (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); Richter, 562 U.S. at 97-98. The Eleventh Circuit describes the limited scope of federal review pursuant to § 2254 as follows:

> First, § 2254(d)(1) provides for federal review for claims of state courts' erroneous legal conclusions. As explained by the Supreme Court in Williams v. Taylor, 529 U.S. 362, 120 S. Ct.

1495, 146 L.Ed.2d 389 (2000), § 2254(d)(1) consists of two distinct clauses: a "contrary to" clause and an "unreasonable application" clause. The "contrary to" clause allows for relief only "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Id. at 413, 120 S. Ct. at 1523 (plurality opinion). The "unreasonable application" clause allows for relief only "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id.

Second, § 2254(d)(2) provides for federal review for claims of state courts' erroneous factual determinations. Section 2254(d)(2) allows federal courts to grant relief only if the state court's denial of the petitioner's claim "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). The Supreme Court has not yet defined § 2254(d)(2)'s "precise relationship" to § 2254(e)(1), which imposes a burden on the petitioner to rebut the state court's factual findings "by clear and convincing evidence." See Burt v. Titlow, 571 U.S. ---, ---, 134 S. Ct. 10, 15, 187 L.Ed.2d 348 (2013); accord Brumfield v. Cain, 576 U.S. ---, ---, 135 S. Ct. 2269, 2282, 192 L.Ed.2d 356 (2015). Whatever that "precise relationship" may be, "'a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance.'"[3] Titlow, 571 U.S. at ---, 134 S. Ct. at 15 (quoting Wood v. Allen, 558 U.S. 290, 301, 130 S. Ct. 841, 849, 175 L.Ed.2d 738 (2010)).

Tharpe v. Warden, 834 F.3d 1323, 1337 (11th Cir. 2016), cert. denied, 137 S. Ct. 2298 (2017). Also, deferential review under § 2254(d) generally is limited to the record that was before the state court that adjudicated the claim on the merits. See Cullen v. Pinholster,

---

[3] The Eleventh Circuit has described the interaction between § 2254(d)(2) and § 2254(e)(1) as "somewhat murky." Clark v. Att'y Gen., Fla., 821 F.3d 1270, 1286 n.3 (11th Cir. 2016), cert. denied, 137 S. Ct. 1103 (2017).

563 U.S. 170, 182 (2011) (stating the language in § 2254(d)(1)'s "requires an examination of the state-court decision at the time it was made").

Thus, "AEDPA erects a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court." Burt v. Titlow, 134 S. Ct. 10, 16 (2013). "Federal courts may grant habeas relief only when a state court blundered in a manner so 'well understood and comprehended in existing law' and 'was so lacking in justification' that 'there is no possibility fairminded jurists could disagree.'" Tharpe, 834 F.3d at 1338 (quoting Richter, 562 U.S. at 102-03). This standard is "meant to be" a "difficult" one to meet. Richter, 562 U.S. at 102. Thus, to the extent that a petitioner's claims were adjudicated on the merits in the state courts, they must be evaluated under 28 U.S.C. § 2254(d).

### B. Exhaustion/Procedural Default

There are prerequisites to federal habeas review. Before bringing a § 2254 habeas action in federal court, a petitioner must exhaust all state court remedies that are available for challenging his state conviction. See 28 U.S.C. § 2254(b)(1)(A). To exhaust state remedies, the petitioner must "fairly present[]" every issue raised in his federal petition to the state's highest court, either on direct appeal or on collateral review. Castille v. Peoples, 489 U.S. 346, 351 (1989) (emphasis omitted). Thus, to properly exhaust a claim, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).

In addressing exhaustion, the United States Supreme Court explained:

> Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. §

2254(b)(1), thereby giving the State the ""opportunity to pass upon and correct" alleged violations of its prisoners' federal rights.'" <u>Duncan v. Henry</u>, 513 U.S. 364, 365, 115 S. Ct. 887, 130 L.Ed.2d 865 (1995) (per curiam) (quoting <u>Picard v. Connor</u>, 404 U.S. 270, 275, 92 S. Ct. 509, 30 L.Ed.2d 438 (1971)). To provide the State with the necessary "opportunity," the prisoner must "fairly present" his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim. <u>Duncan</u>, <u>supra</u>, at 365-366, 115 S. Ct. 887; <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 845, 119 S. Ct. 1728, 144 L.Ed.2d 1 (1999).

<u>Baldwin v. Reese</u>, 541 U.S. 27, 29 (2004).

A state prisoner's failure to properly exhaust available state remedies results in a procedural default which raises a potential bar to federal habeas review. The United States Supreme Court has explained the doctrine of procedural default as follows:

Federal habeas courts reviewing the constitutionality of a state prisoner's conviction and sentence are guided by rules designed to ensure that state-court judgments are accorded the finality and respect necessary to preserve the integrity of legal proceedings within our system of federalism. These rules include the doctrine of procedural default, under which a federal court will not review the merits of claims, including constitutional claims, that a state court declined to hear because the prisoner failed to abide by a state procedural rule. <u>See</u>, <u>e.g.</u>, <u>Coleman</u>,[4] <u>supra</u>, at 747–748, 111 S. Ct. 2546; <u>Sykes</u>,[5] <u>supra</u>, at 84–85, 97 S. Ct. 2497. A state court's invocation of a procedural rule to deny a prisoner's claims precludes federal review of the claims if, among other requisites, the state procedural rule is a nonfederal ground adequate to support the judgment and the rule is firmly established and consistently followed. <u>See</u>, <u>e.g.</u>, <u>Walker v. Martin</u>, 562 U.S. --, --, 131 S. Ct. 1120, 1127–1128, 179 L.Ed.2d 62 (2011); <u>Beard v. Kindler</u>, 558 U.S. --, --, 130 S. Ct. 612, 617–618, 175 L.Ed.2d 417 (2009). The doctrine barring procedurally defaulted claims from being heard is not without exceptions. A prisoner may obtain federal review of a

---

[4] <u>Coleman v. Thompson</u>, 501 U.S. 722 (1991).
[5] <u>Wainwright v. Sykes</u>, 433 U.S. 72 (1977).

> defaulted claim by showing cause for the default and
> prejudice from a violation of federal law. <u>See</u> <u>Coleman</u>, 501
> U.S., at 750, 111 S. Ct. 2546.

<u>Martinez v. Ryan</u>, 132 S. Ct. 1309, 1316 (2012). Thus, procedural defaults may be

excused under certain circumstances. Notwithstanding that a claim has been procedurally

defaulted, a federal court may still consider the claim if a state habeas petitioner can show

either (1) cause for and actual prejudice from the default; or (2) a fundamental miscarriage

of justice. <u>Ward v. Hall</u>, 592 F.3d 1144, 1157 (11th Cir. 2010). In order for a petitioner to

establish cause,

> the procedural default "must result from some objective factor
> external to the defense that prevented [him] from raising the
> claim and which cannot be fairly attributable to his own
> conduct." <u>McCoy v. Newsome</u>, 953 F.2d 1252, 1258 (11th Cir.
> 1992) (quoting <u>Carrier</u>, 477 U.S. at 488, 106 S. Ct. 2639).[6]
> Under the prejudice prong, [a petitioner] must show that "the
> errors at trial actually and substantially disadvantaged his
> defense so that he was denied fundamental fairness." <u>Id</u>. at
> 1261 (quoting <u>Carrier</u>, 477 U.S. at 494, 106 S. Ct. 2639).

<u>Wright v. Hopper</u>, 169 F.3d 695, 706 (11th Cir. 1999).

"[A] claim for ineffective assistance of counsel, if both exhausted and not

procedurally defaulted, may constitute cause." <u>Henry v. Warden, Ga. Diag. Prison</u>, 750

F.3d 1226, 1230 (11th Cir. 2014); <u>see also</u> <u>Carrier</u>, 477 U.S. at 488; <u>Philmore v. McNeil</u>,

575 F.3d 1251, 1264 (11th Cir. 2009) (citing <u>Edwards v. Carpenter</u>, 529 U.S. 446, 451

(2000)) ("An attorney's constitutional ineffectiveness in failing to preserve a claim for

review in state court may constitute 'cause' to excuse a procedural default."). But the

petitioner must first present his or her ineffective assistance claim to the state courts as

an independent claim before he may use it to establish cause to excuse the procedural

---

[6] <u>Murray v. Carrier</u>, 477 U.S. 478 (1986).

default of another claim. Carrier, 477 U.S. at 488; see also Henderson v. Campbell, 353 F.3d 880, 896 n.22 (11th Cir. 2003). If the secondary ineffective assistance claim is itself procedurally defaulted, the "procedurally defaulted ineffective assistance of counsel claim can serve as cause to excuse the procedural default of another habeas claim only if the habeas petitioner can satisfy the 'cause and prejudice' standard with respect to the ineffective assistance claim itself." Henderson, 353 F.3d at 897 (citing Edwards, 529 U.S. at 446 and Carrier, 477 U.S. at 478).

In the absence of a showing of cause and prejudice, a petitioner may receive consideration on the merits of a procedurally defaulted claim if the petitioner can establish that a fundamental miscarriage of justice, the continued incarceration of one who is actually innocent, otherwise would result. The Eleventh Circuit has explained:

> [I]f a petitioner cannot show cause and prejudice, there remains yet another avenue for him to receive consideration on the merits of his procedurally defaulted claim. "[I]n an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default." Carrier, 477 U.S. at 496, 106 S. Ct. at 2649. "This exception is exceedingly narrow in scope," however, and requires proof of actual innocence, not just legal innocence. Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir. 2001).

Ward, 592 F.3d at 1157. "To meet this standard, a petitioner must 'show that it is more likely than not that no reasonable juror would have convicted him' of the underlying offense." Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir. 2001) (quoting Schlup v. Delo, 513 U.S. 298, 327 (1995)). Additionally, "'[t]o be credible,' a claim of actual innocence must be based on reliable evidence not presented at trial." Calderon v. Thompson, 523 U.S. 538, 559 (1998) (quoting Schlup, 513 U.S. at 324). With the rarity

of such evidence, in most cases, allegations of actual innocence are ultimately summarily rejected. Schlup, 513 U.S. at 324.

## VI. Findings of Fact and Conclusions of Law

### Ground One

Chase alleges that his "constitutional right to due process [was] violated when [the] lower court allowed similar fact evidence concerning an alleged prior sexual molestation incident involving a different victim." Doc. 1 at 5. Notably, this quoted text is the sum total of Chase's allegations and argument in support of Ground One.

Respondents contend the claim raised in Ground One is procedurally defaulted because Chase failed to present the federal nature of this claim in state court. Doc 11 at 9-10. Although Chase raised a similar claim on direct appeal, Respondents assert Chase failed to allege any constitutional error on the part of the circuit court. Id.

In reviewing the record, the Court finds this claim is unexhausted because Chase did not present the federal nature of this claim to the state court. Chase raised a similar claim in his initial brief on direct appeal. Resp. Ex. G at 15-24. When briefing the issue, however, Chase did not state or suggest that it was a federal claim concerning due process or any other federal constitutional guarantee. Id. Instead, Chase argued, in terms of state law only, that the circuit court abused its discretion in admitting the similar fact evidence. Id. (citing Williams v. State, 110 So. 2d 654 (Fla. 1959); Perkins v. State, 349 So. 2d 161 (Fla. 1977); McLean v. State, 934 So. 2d 1248 (Fla. 2006); Mendez v. State, 961 So. 2d 1088 (Fla. 5th DCA 2007); Zerbe v. State, 944 So. 2d 1189 (Fla. 4th DCA 2006)). As such, the claim in Ground One is unexhausted and procedurally defaulted.

In his Reply, Chase contends the failure of his appellate counsel to raise the federal nature of this claim on direct appeal constitutes cause to excuse this procedural default. Doc. 27 at 1-2. Such an allegation of ineffectiveness can constitute cause to overcome a procedural default. See Henry, 750 F.3d at 1230. However, Chase was required to first present this claim of ineffectiveness to the state court as an independent claim. See Carrier, 477 U.S. at 488. Although, Chase did file a petition for habeas corpus with the Fifth DCA in which he alleged that his appellate counsel was ineffective, Resp. Ex. M, Chase did not specifically raise an ineffective assistance of appellate counsel claim concerning his attorney's failure to attack the circuit court's decision to admit similar fact evidence on federal constitutional grounds. Id. As such, Chase's belated ineffective assistance of counsel claim cannot satisfy the "cause and prejudice" standard itself. See Henderson, 353 F.3d at 897. Chase has not alleged any cause or prejudice as to this belated ineffective assistance of counsel claim. Doc. 27. Therefore, this claim is procedurally defaulted as well and cannot constitute cause to excuse his failure to properly exhaust the claim in Ground One. See Id.; Dowling v. Sec'y Dep't of Corr., 275 F. App'x 846, 847 (11th Cir. 2008) (holding petitioner's failure to raise his ineffective assistance of appellate counsel claim in state court rendered it procedurally defaulted, which meant petitioner could not rely on it as cause for default of his trial court error claim in federal habeas petition). Additionally, Chase has not asserted that he has "new" reliable evidence of factual innocence and there is nothing in the record to suggest a miscarriage of justice will occur if the Court does not reach the merits of his claim. See Ward, 592 F.3d at 1157. Accordingly, the claim raised in Ground One is procedurally defaulted.

Nevertheless, even if not procedurally defaulted, Chase is not entitled to federal habeas relief on Ground One. As an initial matter, the Court finds the claim raised in Ground One to be devoid of any facts or supporting legal arguments, thus rendering it entirely conclusory. Conclusory allegations are insufficient to warrant federal habeas relief. See Jones v. Sec'y, Fla. Dept. of Corr., 834 F.3d 1299, 1319 (11th Cir. 2016) (holding conclusory allegations are not enough to warrant an evidentiary hearing in a federal habeas corpus proceeding); United States v. Jones, 614 F.2d 80, 82 (5th Cir. 1980) (holding petitioner's claim that government engaged in conspiracy against him, without specific facts in support, was "insufficient to state a constitutional claim.").

Moreover, Chase is also not entitled to federal habeas relief here because he does not identify a Supreme Court case holding that the admission of similar fact evidence under the circumstances of Chase's case is unconstitutional. Indeed, the Court, having conducted independent research on this matter, has found no case holding such. Accordingly, Chase cannot demonstrate that the state court's rejection of this claim was contrary to, or an unreasonable application of, clearly established federal law. See Woodward v. Sec'y, Fla. Dep't. of Corr., No. 3:13-cv-155-J-34JRK, 2016 WL 1182818, at *13 (M.D. Fla. March 28, 2016) (holding petitioner not entitled to federal habeas relief on claim trial court allowed similar fact evidence of his alleged sexual activity with minors to become a feature of the trial because there is no Supreme Court holding that the admission of such evidence is unconstitutional); O'Leary v. Sec'y, Fla. Dep't of Corr., No. 2:12-cv-599-FtM-29CM, 2015 WL 1909732, at *7 (M.D. Fla. Apr. 27, 2015) ("Petitioner is not entitled to habeas relief because he has failed to identify a Supreme Court case holding that the admission of similar fact or collateral crime evidence in similar

circumstances was unconstitutional."); <u>Lutz v. Palmer</u>, No. 3:11-CV-334-LAC-EMT, 2012 WL 4660685, at *16 (N.D. Fla. September 10, 2012) (holding petitioner "failed to identify a Supreme Court case holding that the admission of similar fact or collateral crime evidence in circumstances such as the instant case was unconstitutional."); <u>Quintero v. McNeil</u>, No. 4:08-cv-318-RH-MD, 2009 WL 1833872, at *1 (N.D. Fla. June 23, 2009) (denying habeas relief on ground that there is no clearly established federal law as determined by the Supreme Court suggesting that the admission of evidence that a defendant committed sexual battery on another child violated due process). As such, Chase is not entitled to federal habeas relief and his claim in Ground One is due to be denied, and the Petition will be dismissed.

## VII. Certificate of Appealability
## Pursuant to 28 U.S.C. § 2253(c)(1)

If Chase seeks issuance of a certificate of appealability, the undersigned opines that a certificate of appealability is not warranted. The Court should issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Chase "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," <u>Tennard v. Dretke</u>, 542 U.S. 274, 282 (2004) (quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 335-36 (2003) (quoting <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 n.4 (1983)).

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's

assessment of the constitutional claims debatable or wrong. See Slack, 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. Upon consideration of the record as a whole, the Court will deny a certificate of appealability.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1.      The Petition (Doc. 1) is **DENIED**, and this action is **DISMISSED WITH PREJUDICE**.

2.      The Clerk of the Court shall enter judgment denying the Petition and dismissing this case with prejudice.

3.      If Chase appeals the denial of the Petition, the Court denies a certificate of appealability. Because the Court has determined that a certificate of appealability is not warranted, the Clerk shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

4.      The Clerk of the Court is directed to close this case and terminate any pending motions.

**DONE AND ORDERED** at Jacksonville, Florida, this 4th day of December, 2018.

MARCIA MORALES HOWARD
United States District Judge

Jax-8

C:    Leonard Grady Chase, #788636
       Linda Matthews, Esq.